UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


LITTLE BOOKER T. MCCULLOUGH,

          Petitioner,

vs.                          Case No. 3:13-cv-408-J-39JRK

SECRETARY, DOC, et al.,

          Respondents.

_____

## ORDER

### I. STATUS

Petitioner Little Booker T. McCullough is proceeding on a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody (Petition) (Doc. 1). The Petition challenges a 2009 state court (Duval County) conviction for sale or delivery of cocaine. Id. at 1. Petitioner raises three grounds of ineffective assistance of counsel. Upon review, no evidentiary proceedings are required in this Court.

Respondents, on October 16, 2013, filed an Answer to Petition for Writ of Habeas Corpus (Response) (Doc. 10) and Appendix (Doc. 10).[1] Petitioner filed a Response to Order (Doc. 14) stating that

_____

[1] With respect to the Petition, the Court will reference the page numbers assigned through the electronic docketing system. The Court will refer to the exhibits in the Appendix (Doc. 10) as "Ex." Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the exhibit. Otherwise, the page number on the particular document will be referenced.

he does not intend to file a reply, but will rely on the allegations and claims stated in the Petition.  See Order (Doc. 6).

## II. STANDARD OF REVIEW

The Court will analyze Petitioner's claims under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA).  "By its terms [28 U.S.C.] § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to th[re]e exceptions." Harrington v. Richter, 562 U.S. 86, 98 (2011).  The exceptions are: (1) the state court's decision was contrary to clearly established federal law; or (2) there was an unreasonable application of clearly established federal law; or (3) the decision was based on an unreasonable determination of the facts.  Id. at 100.

While analyzing Petitioner's claims pursuant to 2254(d) as amended by AEDPA, the Court recognizes that there is a presumption of correctness of state courts' factual findings unless rebutted with clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  This presumption of correctness applies to the factual determinations of both trial and appellate courts.  See Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003).

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner claims he received the ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution.  In order to prevail on this Sixth Amendment claim,

he must satisfy the two-pronged test set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984), requiring that he show both deficient performance (counsel's representation fell below an objective standard of reasonableness) and prejudice (there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different). In the context of an ineffective assistance challenge to the voluntariness of a guilty or no contest plea, a petitioner must show there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985).

This high hurdle is not easily surmountable:

> in a post conviction challenge to a guilty plea:

>> [T]he representations of the defendant, his lawyer, and the prosecutor at [the plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

> <u>Blackledge v. Allison</u>, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977) (citations omitted); <u>see also</u> <u>United States v. Gonzalez-Mercado</u>, 808 F.2d 796, 799-800 and n. 8 (11th Cir. 1987) (while not insurmountable,

> there is a strong presumption that statements
> made during a plea colloquy are true, citing
> <u>Blackledge</u> and other cases).

<u>Bryant v. McNeil</u>, No. 4:09CV22-SPM/WCS, 2011 WL 2446370, at *2
(N.D. Fla. May 17, 2011) (Report and Recommendation) (Not Reported
in F.Supp.2d), <u>report</u> <u>and</u> <u>recommendation</u> <u>adopted</u> <u>by</u> <u>Bryant v.</u>
<u>McNeil</u>, No. 4:09CV22-SPM/WCS, 2011 WL 2434087 (N.D. Fla. June 16,
2011).

## IV.   PROCEDURAL HISTORY

The Court provides a brief history of the case to provide
context for the three grounds raised in the Petition.  Petitioner
was charged by information with sale or delivery of cocaine and
resisting an officer without violence.  Ex. A, Information.  The
state filed a Notice of Intent to Classify Defendant as an Habitual
Felony Offender.  Ex. B.  On May 12, 2009, Petitioner signed a Plea
of Guilty.  Ex. C.  Petitioner pled straight up to the court on the
charge of sale or delivery of cocaine.[2]  Ex. J, Plea Transcript
(Exhibit "I") at 67.  The court accepted the plea, finding a
factual basis for the entry of the plea and Petitioner freely and
voluntarily entered the plea with a full understanding of the
nature and consequences of the plea.  <u>Id</u>. at 72.

---

[2] The state decided not to proceed on the resisting count.
Ex. J, Plea Transcript (Exhibit "I") at 68.

- 4 -

The court sentenced Petitioner to fifteen years imprisonment as a habitual felony offender, and Judgment and Sentence were entered on July 2, 2009. Ex. D, Judgment and Sentence. Petitioner appealed. Ex. E. On October 14, 2009, the First District Court of Appeal dismissed the appeal. Ex. F.

On October 30, 2009, pursuant to the mailbox rule, Petitioner filed a Rule 3.850 post conviction motion in the trial court. Ex. G. He moved to withdraw it, Ex. H, and filed a second Rule 3.850 motion. E. I. The trial court entered an order granting the voluntary dismissal of the initial Rule 3.850 motion and denying the second Rule 3.850 motion, attaching relevant documents and portions of the proceedings. Ex. J. Petitioner appealed, and the First District Court of Appeal per curiam affirmed on September 24, 2012. Ex. K. Petitioner moved for rehearing. Ex. L. On November 2, 2012, the First District Court of Appeal denied rehearing. Ex. M. The mandate issued on November 20, 2012. Ex. N.

## V. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Ground one of the Petition is trial counsel's assistance was rendered ineffective based on counsel's misadvice given to Petitioner to plead guilty, resulting in an involuntary plea in violation of the Sixth and Fourteenth Amendments of the United States Constitution. Petition at 5. In support of this ground, Petitioner claims his attorney provided him with erroneous advice that his co-defendant had made incriminating statements and would

testify against Petitioner at trial. Id. Petitioner states that
although his counsel told him it would come down to a question of
credibility, had he been properly advised that the state may have
made it a condition of his co-defendant's plea to testify against
Petitioner at trial, Petitioner would have insisted on going to
trial and have the jury address the question as to whether the
object Petitioner handed to his co-defendant was the drugs in
question. Id. at 6. Petitioner contends that counsel failed to
provide accurate information when advising Petitioner about
defenses and evidence. Id.

In the second ground of the Petition, Petitioner asserts that
his counsel provided ineffective assistance by his failure to
explain to Petitioner that intent is an essential element of the
offense of sale or delivery of cocaine. Petition at 7. Petitioner
claims this failure hindered his ability to make an intelligent
decision as to whether his actions constituted the offense charged
and ultimately resulted in an involuntary plea. Id. at 7.
Petitioner contends that with better advice, he would have
proceeded to trial. Id. at 7-8.

In his third and final ground, Petitioner claims his counsel
was ineffective because he induced Petitioner to plead to an
offense when there was no factual basis to support the offense and
counsel improperly stipulated to the existence of the offense.
Petition at 10. Petitioner states that as a result of counsel's
deficient performance, his plea was rendered involuntary. Id. at

- 6 -

11. To support this contention, Petitioner states that defense counsel failed to explain the lack of material evidence in his case and give competent advice in order to enable Petitioner to make an informed decision. <u>Id</u>. Petitioner claims that had he been better informed, he would have insisted on going to trial. <u>Id</u>.

In its Order Granting Defendant's Motion for Voluntary Dismissal and Denying Defendant's Motion for Post Conviction Relief, the court succinctly summarized Petitioner's three grounds:

> In the instant Motion filed July 26, 2010, Defendant raises three (3) allegations of ineffective assistance of trial counsel as related to his plea of guilty. First, he alleges that counsel "induced" him to plead "mercy to the court" because had he gone to trial, his co-defendant would testify against him. However, Defendant avers, his co-defendant was not listed as a State witness and would not have so testified. Second, Defendant contends his plea is involuntary because trial counsel failed to explain that the State would have been required to prove the "intent" element of Sale or Delivery of Cocaine, which, he alleges, he did not intend to do. Finally, Defendant avers that trial counsel led him to plead guilty despite the lack of factual basis to sustain such a plea. Specifically, he argues counsel was ineffective for failing to have the substance, which was alleged to be cocaine, independently tested.

Ex. J at 24.

It should be noted that the trial court recognized the appropriate standard for determining ineffective assistance of counsel and an involuntary plea by referencing both <u>Strickland v. Washington</u> and <u>Hill v. Lockhart</u>. Ex. J at 24-25. Thus, there is no doubt that the court was aware that in this guilty plea

scenario, the two-pronged ineffectiveness test was applicable and Petitioner must not only show deficient performance, he must demonstrate that there is a reasonable probability that, but for his counsel's alleged errors, he would not have pleaded guilty but would have insisted on going to trial. _Id_. The court further noted that it may rely on the sworn testimony of Petitioner during his plea colloquy as well as the written plea agreement in making its determination. _Id_. at 25-26.

The court, in denying the Rule 3.850 motion, rejected Petitioner's claim of ineffective assistance of counsel resulting in an involuntary plea. The court found abundant evidence in the record demonstrating that Petitioner was fully aware of the elements and otherwise advised. Initially, the court referenced the plea colloquy during the course of which Petitioner stated that his attorney went over the plea form with him in detail, answered all questions, and provided full satisfaction through his representation. _Id_. at 26. The court also referenced the portion of the plea proceeding in which Petitioner informed the court that he had no questions for his attorney or the court. _Id_.

The court attached a copy of the plea form and the transcript of the plea proceeding to its order as exhibits "E" and "I". Ex. J. In making its decision, the court relied heavily upon the averments contained in the written plea agreement. The court referenced portions of the agreement demonstrating the voluntary nature of Petitioner's acceptance of the agreement. Specifically,

the court referred to the written plea agreement and quoted the portion of the agreement concerning Petitioner's consultation with counsel. Id. at 26-27. Considering the plea colloquy and the written plea agreement in combination, the trial court determined that there was no merit to Petitioner's allegations of ineffective assistance of trial counsel. Id. at 27. The court found persuasive the content of Petitioner's "sworn testimony during his plea colloquy with the trial judge and his corresponding plea agreement." Id. In addition, the court held that Petitioner could not seek to go behind his sworn testimony; "[t]herefore, his three (3) complaints contrary to his sworn testimony during his plea colloquy, alleging ineffective assistance of counsel, are without merit and denied." Id.

A federal habeas court reviews a state court guilty plea only for compliance with constitutional protections.

> This court has concluded that "[a] reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process: If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." Stano v. Dugger, 921 F.2d 1125, 1141 (11th Cir.) (en banc), cert. denied, ___ U.S. ___, 112 S.Ct. 116, 116 L.Ed. 2d 85 (1991).

Jones v. White, 992 F.2d 1548, 1556-57 (11th Cir.), cert. denied, 510 U.S. 967 (1993). Thus, in order for a guilty plea to be constitutionally valid, it must be made knowingly, intelligently,

- 9 -

and voluntarily. Pardue v. Burton, 26 F.3d 1093, 1096 (11th Cir. 1994).

Recognizing that solemn declarations in open court carry such a strong presumption of verity, the trial court's decision is well supported by the record. Indeed, the record shows that Petitioner pleaded guilty because he wished to do so, fully apprised that he was facing a maximum penalty of thirty years in prison as a habitual felony offender. See United States v. Castro, 736 F.3d 1308, 1314 (11th Cir. 2013) (per curiam) (the court was not convinced that the defendant would have rejected the plea agreement as he avoided prosecution of numerous offenses and faced a stiff sentence if he proceeded to trial), cert. denied, 134 S.Ct. 1331 (2014).

Upon review of the record, at the inception of the plea proceeding, defense counsel announced that his client had authorized him to enter a plea of guilty. Ex. J, Plea Transcript (Exhibit "I") at 67. Counsel also stated the Petitioner knew the potential consequences of facing a maximum thirty-year penalty. Id. Counsel referenced the plea form executed by himself and Petitioner, noting that Petitioner was tendering a plea of guilty straight to the court. Id.

After Petitioner was sworn, the court conducted a plea colloquy. Id. at 68. First, the court inquired as to whether Petitioner wished to enter a plea of guilty to the charge of sale or delivery of cocaine. Id. Petitioner responded in the

affirmative.  <u>Id</u>.  The court explained Petitioner was pleading to a second degree felony, and that as Petitioner's status as a habitual felony offender, the maximum penalty he could receive would be thirty years in prison.  <u>Id</u>.  Petitioner responded that he understood these factors.  <u>Id</u>.  The court also explained that there was no agreement by the state as to a sentence.  <u>Id</u>. at 68-69.

The court advised Petitioner of the rights he was waiving by entering his plea.  <u>Id</u>. at 69.  Petitioner agreed that he understood these rights.  <u>Id</u>.  The court inquired as to whether anyone had threatened or coerced Petitioner into accepting the plea or made any promises.  <u>Id</u>. at 70.  Petitioner responded in the negative.  <u>Id</u>.  The court asked whether Petitioner was under the influence of any substance or mental condition that would impair his ability to understand the plea proceedings, and Petitioner said no.  <u>Id</u>.  The court continued:

> THE COURT: By entering your plea of guilty you're acknowledging you are in fact guilty of the charge, is that correct?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: What is the highest grade you completed in school?
>
> THE DEFENDANT: 10th.
>
> . . . .
>
> THE COURT: Are you able to read and write?
>
> THE DEFENDANT: Yes, ma'am.

- 11 -

> THE COURT: Is this your signature on the plea form?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Did your attorney go over this form with you in detail.
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Did he answer all of your questions?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: You have any other questions you need to ask your attorney or the Court?
>
> THE DEFENDANT: No, ma'am.
>
> THE COURT: Are you fully satisfied with his representation?
>
> THE DEFENDANT: Yes, ma'am.

Id. at 70-71.

The court asked the state to present a factual basis for the plea, and the state responded by providing the factual basis for the plea:

> The State is prepared to prove Little Booker T[.] McCullough on December 30th, 2008, in the county of Duval, State of Florida, did unlawfully sale [sic] or deliver a controlled substance named or described in section 893.03(2)(a)(4) of the Florida Statutes which was cocaine which is contrary to provision of section 893.13(1)(a)(1) of the Florida Statutes.

Id. at 71-72.  Upon inquiry, defense counsel made no legal exception or objection for purposes of the plea.  Id. at 72.

In short, Petitioner stated that he was completely satisfied with counsel's performance. He confirmed that he had gone over the plea form in its entirety with his counsel and that counsel had answered all of his questions. Petitioner had no questions concerning the maximum penalty he faced. He stated that he had a tenth grade education and signed the plea form. <u>Id</u>. He also said that he was not under the influence of any substance or impaired in any way. He confirmed that he was not threatened or made promises. Finally, with regard to the underlying basis for the charge, no exceptions or objections were made to the factual basis for the plea.

Under the circumstances presented, Petitioner has failed to show that his counsel's performance was deficient. Again, in order to satisfy the prejudice prong of the two-part <u>Strickland</u> test in a plea case, Petitioner must show that there is a reasonable probability that, but for his counsel's error, he would not have pleaded guilty and would have insisted on proceeding to trial. <u>See</u> <u>Hill v. Lockhart</u>. Even assuming deficient performance, Petitioner has not shown prejudice, as Petitioner was facing substantial time, thirty years in prison as a habitual felony offender. Ex. D, Criminal Punishment Scoresheet.

Thus, Petitioner has not shown that a reasonable probability exists that the outcome of the proceeding would have been different if his lawyer had given the assistance that Petitioner has alleged should have been provided. Petitioner received a fifteen-year

- 13 -

sentence, half of the maximum prison time he was facing. Accordingly, Petitioner's ineffectiveness claim is without merit since he has neither shown deficient performance nor resulting prejudice.

As such, Petitioner is not entitled to relief on grounds one, two and three of the Petition, claims of ineffective assistance of trial counsel resulting in an involuntary plea.[3] Deference, under AEDPA, should be given to the state court's decision. Petitioner raised these issues in his Rule 3.850 motion, the trial court denied the motion, and the appellate court affirmed. Ex. K. The state court's adjudication of these claims is not contrary to or an unreasonable application of <u>Strickland</u> and <u>Hill</u>, or based on an unreasonable determination of the facts. Grounds one, two and three are due to be denied. Petitioner is not entitled to habeas relief.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.    The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2.    The **Clerk of the Court** shall enter judgment accordingly and close this case.

---

[3] Petitioner waived any claims regarding the merits of his defense or prosecution when he entered his plea and any complaints he may have had about the state's underlying evidence. Ex. J, Plea Transcript (Exhibit "I") at 69, 72.

3.   If Petitioner appeals the denial of his Petition, **the Court denies a certificate of appealability**.[4]   Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.   Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of November, 2015.

BRIAN J. DAVIS
United States District Judge

sa 11/5
c:
Little Booker T. McCullough
Counsel of Record

---

[4] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).   Upon due consideration, this Court will deny a certificate of appealability.

- 15 -